550 P.2d 626

STATE of Arizona, Tom Shirley, Apache County Supervisor, Arthur Lee, Apache County Supervisor, Larry Stradling, Apache County Supervisor, Avard Hall, Apache County School Superintendent, LaVere Connolly, Apache County Treasurer, and Chinle School District No. 24, Petitioners,

v.

SUPERIOR COURT of Arizona FOR MARICOPA COUNTY, Hon. Porter Murry, Visiting Judge of the Superior Court, KERR–McGEE CORP., a corporation, Real Party in Interest, Respondents.

No. 12617.

Supreme Court of Arizona, In Banc.

June 11, 1976.
Rehearing Denied July 20, 1976.

Bruce E. Babbitt, Atty. Gen., by Alan S. Kamin, Phoenix, for petitioners.

Evans, Kitchel & Jenckes, by Earl H. Carroll, Burton M. Apker, Joseph P. Hienton, Phoenix, for respondent Kerr-McGee.

STRUCKMEYER, Vice Chief Justice.

Petitioners, by this special action, seek relief from a summary judgment of the Superior Court of Maricopa County which held that respondent Kerr-McGee Corpora-

tion's oil and gas leases were not subject to the ad valorem property tax imposed by A.R.S. § 42–227.04. We accepted jurisdiction pursuant to the authority of Article 6, § 5, Constitution of Arizona, which provides that the Supreme Court of Arizona has power to issue writs of review.

The facts are undisputed. Respondent Kerr-McGee is the lessee under certain gas and oil leases with the Navajo Indian Tribe, some of which are within the boundaries of Chinle School District No. 24, in Apache County, Arizona. The Arizona Department of Property Valuation assessed these leases at the value of $3,058,-240.00, and taxes were levied against Kerr-McGee for state, county, school district, and other purposes in the total amount of $1,572,274.82 for the 1975 tax year. Kerr-McGee, pursuant to A.R.S. § 42–204(A), paid the first half of these taxes under protest and filed a complaint in the Superior Court of Apache County[1] to recover the taxes so paid. Kerr-McGee moved for summary judgment on its first claim, on the grounds that A.R.S. § 42–227.-04 does not authorize taxation of leasehold interests in oil and gas rights. On March 22, 1976, the trial court entered an order granting the motion, declaring the tax levy illegal and void, and enjoining the further imposition and collection of the taxes.

Whether oil and gas leasehold interests are taxable under Arizona's statutes is the sole issue for determination.

By A.R.S. § 42–227.04, the Arizona Legislature has provided that:

"Producing oil and gas interests shall be listed, the valuation shall be determined and they shall be taxed individually as separate parcels of real estate separate and apart from the rest of the land where they are owned by a person other than the owner of the rest of the land."

■■ In the resolution of the dispute between the parties, this Court will consid-

er the context of the statute, the language used, the subject matter, the effects and consequences, and the spirit and purpose of the law. The law will be given, whenever possible, such an effect that no clause, sentence, or word is rendered superfluous, void, contradictory or insignificant. *State v. Deddens*, 112 Ariz. 425, 542 P.2d 1124 (1975). In construing tax statutes, it is the rule that the act must be certain, clear and unambiguous as to the subject of taxation, *Duhame v. State Tax Commission*, 65 Ariz. 268, 179 P.2d 252 (1947), and doubtful tax statutes are given a strict construction against the taxing power, *State Tax Commission v. Miami Copper Co.*, 74 Ariz. 234, 246 P.2d 871 (1952). And *see* Article 9, § 3, Arizona Constitution.

It is Kerr-McGee's position that § 42–227.04, supra, imposes a tax only upon the owner of an oil and gas interest; that it is a producer as that term is used in § 42–227.01(6). It is argued that since Kerr-McGee is "leasing" the oil and gas rights, it is producing only and is not an owner. Its conclusion therefore is that it is not taxable.

■■ We think such an interpretation strains the statute. It is true by A.R.S. § 42–227.01(6) respondent is a producer, but a producer is defined as any person leasing as lessee oil or gas lands on January 1 of each year. By § 42–227.03, every producer must make and file a return showing his gross production. Section 42–227.04 then plainly provides that producing oil and gas interests shall be taxed as separate parcels of real estate where they are owned by a person other than the owner of the rest of the land. Kerr-McGee, by reason of its leases, has a producing oil and gas interest, which must be valued for tax purposes at the amount of the gross yield for the preceding calendar year, § 42–227.02, and which shall, by § 42–227.04, be separately taxed apart from the rest of the land.

Our conclusions as to Arizona's tax act are reinforced by the law generally appli-

---

1. The case was subsequently transferred to the Superior Court of Maricopa County and

assigned to The Honorable Porter Murry for decision.

cable to the taxation of oil and gas leases. The oil and gas leases entered into between the Navajo Tribal Council and Kerr-McGee provide:

"Lessor * * * does hereby grant and lease to the lessee the exclusive right and privilege to drill for, mine, extract, remove, and dispose of all the oil and natural gas deposits * * * in or under the following-described tracts of land * * *."

The terms of the leases are for ten years "and as much longer thereafter as oil and/or gas is produced in paying quantities from said lands."

■ Kerr-McGee argues that it does not own a fee simple interest in the gas and oil by the terms of its leases because the Navajo Indians own the land and the gas and oil contained therein. The language of the leases, however, creates in respondent, as lessee, an interest in land known as a qualified or determinable fee. *Calcote v. Texas Pac. Coal and Oil Co.*, 157 F.2d 216, 167 A.L.R. 413, *cert. denied* 329 U.S. 782, 67 S.Ct. 205, 91 L.Ed. 671 (1946); *Valer Oil Co. v. Souza*, 182 Cal.App.2d 790, 6 Cal. Rptr. 301 (1960); *Frost v. Gulf Oil Corp.*, 238 Miss. 775, 119 So.2d 759, 100 A.L.R.2d 876 (1960); *Brown v. Humble Oil & Refining Co.*, 126 Tex. 296, 87 S.W.2d 1069, 83 S.W.2d 935, 101 A.L.R. 1393 (1935). A qualified or determinable fee is a freehold estate and, as such, is a taxable interest in land.

In *Stephens County v. Mid-Kansas Oil and Gas Co.*, 113 Tex. 160, 254 S.W. 290, 29 A.L.R. 566 (1923), in answer to the question whether Mid-Kansas Oil and Gas Company had acquired an interest by its leases which was subject to separate taxation, the court said:

"Passing to the consideration of the precise nature of the title created by the instruments before us, it seems obvious: First, that the grants might endure forever, since the lands might never cease the profitable production of oil or gas; and, second, that it was intended by all parties that the lands should be used for no other purpose than the specified mineral exploration and production, and that the grants were to be enjoyed only while such use continued and were to immediately terminate on cessation of the use.

At common law, a grant of land for such a term and for such use and purpose—and no other—created the estate called a base, qualified, or determinable fee, defined by Kent as 'an interest which may continue forever, but the estate is liable to be determined, without the aid of a conveyance, by some act or event, circumscribing its continuance or extent.' Kent's Commentaries, vol. 4, pp. 8, 9.

\*      \*      \*      \*      \*      \*

* * * Though an oil lease be so construed as not to pass a present title to gas and oil in place, the courts recognize that it may create a separately taxable estate in land, when no such estate would be recognized under an ordinary lease providing for return of rented premises not depleted after a fixed term." 254 S.W. at 295, 296.

For the foregoing reasons, the judgment dated the 22nd day of March 1976 of the Superior Court in Cause No. C 324239 is ordered vacated with directions to proceed further in accordance with this decision.

CAMERON, C. J., and HAYS, HOLOHAN and GORDON, JJ., concurring.