598 P.2d 1016

The STATE of Arizona, Appellee,

v.

Lawrence Clyde PRICE, Appellant.

No. 2 CA–CR 1619.

Court of Appeals of Arizona, Division 2.

April 30, 1979.

Rehearing Denied May 30, 1979.

Review Granted June 26, 1979.

Robert K. Corbin, Atty. Gen. by William J. Schafer, III and Gregory A. McCarthy, Asst. Attys. Gen., Phoenix, for appellee.

Dennis H. Gray, Tucson, for appellant.

## OPINION

RICHMOND, Chief Judge.

Appellant was convicted of the unlawful sale of narcotics. On appeal he urges that his conviction be reversed because the trial court erred in (1) refusing his instructions on intent, duress, reasonable doubt and the elements of sale, (2) prohibiting him from arguing the defense of duress in closing argument, (3) denying his motions to limine to preclude reference to his use of heroin and his prior conviction, (4) denying his motion for acquittal and motion for a new trial on the grounds of insufficient evidence, and (5) violating the prohibition against cruel and unusual punishment by sentencing him to 10 to 12 years. Because it was fundamental error to fail to instruct the jury properly on intent, we remand for a new trial.

On February 14, 1978, two agents from the Metropolitan Narcotics Squad purchased a small quantity of heroin from an individual in Tucson. Appellant was not involved in that transaction. On February 20 the narcotics agents were contacted by a confidential informer who stated that the same man had more heroin available to sell and that he could arrange a meeting place for the sale. When the officers arrived at the scene, the man they had dealt with on the 14th informed them that he knew somebody who could supply them with more heroin. The officers gave the man $50 and the man then directed them to a house where they met appellant for the first time. Appellant told them he would lead them to a place where they could get more heroin.

Appellant contends that he got into the car without knowing what was going on and that when he suspected that he had gotten himself "into something" he still had no idea that heroin was being sold. When they arrived at their destination, appellant and his friend left the car for approximately five to 10 minutes but came back and announced that their connection did not have the heroin and they would have to return in half an hour. When they did return, appellant and his friend again went into the residence unescorted.

There is a dispute as to what happened when they returned to the car. One of the officers testified appellant handed him a folded piece of tin foil containing the heroin. Appellant testified the foil was inside a pack of cigarettes his friend handed him

on the way to the car and he did not know then or when he handed it to the officer that the cigarette pack contained heroin. The officer testified that after the transfer appellant and his friend asked for a "taste" or a sample of the heroin for their own use. At that time the officers revealed their identity and arrested appellant for the sale of narcotics.

■ The jury was instructed in part:

Sale of a narcotic drug has one element. The defendant must sell a substance he knows is a narcotic drug. In this connection, "sale" means selling for money, and also barter, exchange or gift, or an offer to do any of these things, whether the defendant is acting as a principal, a proprietor, an agent, a servant or employee.

\* \* \* \* \* \*

All persons concerned in the commission of a crime, whether they directly commit the act constituting the offense or aid and abet in its commission, or not being present have advised and encouraged its commission, are principals in the crime committed, and as such are equally guilty of such crime.

The state tried and argued its case on the theory that appellant was an aider and abettor. One who aids and abets must be shown to have acted with intent to bring about the success of the crime. *State v. Beard,* 107 Ariz. 388, 489 P.2d 25 (1971). Appellant's defense is that he lacked the necessary knowledge and intent to sell narcotics. The trial court, however, instructed the jury only as to the special mens rea required of a principal, to wit, knowledge that the substance was a narcotic drug, and not as to the intent required of an aider or abettor. The effect of this omission was compounded by another instruction:

The minimum requirement for criminal liability is the performance by a person of conduct which includes a voluntary act.

This instruction is in essence a general intent instruction. *See State v. Jamison,* 110 Ariz. 245, 517 P.2d 1241 (1974). The jury was told that a person who aids in the commission of a crime is a principal and equally guilty, and that there may be criminal liability for a voluntary act. From this the jury could conclude from appellant's exculpatory testimony that since he aided his friend, the principal, by the voluntary act of passing the package of cigarettes to the officer, he was equally guilty of the sale of narcotics even though he did not know that the cigarette package contained heroin.

The trial court has a duty to instruct on the law relating to the facts of the case when the matter is vital to a proper consideration of the evidence, even if not requested by the defense, and failure to do so constitutes fundamental error. *State v. Evans,* 109 Ariz. 491, 512 P.2d 1225 (1973). This is true of the failure to give an instruction accurately defining all of the elements of aiding and abetting. *United States v. Bryant,* 461 F.2d 912 (6th Cir. 1972). Appellant's conviction must be reversed and the case remanded for a new trial.

■ Nevertheless, it was not error to refuse the following instruction offered by appellant:

There can be no crime without mens rea. Mens rea is defined as a guilty mind, a guilty or wrongful purpose; a criminal intent.

The offered instruction was at best incomplete and therefore properly refused. *See State v. Davis,* 18 Or.App. 125, 523 P.2d 1283 (1974).

■ Next, we consider those other issues that are likely to arise on retrial. It was error to admit testimony that appellant asked the officers for a "taste" of the heroin, which was the subject of one of the motions in limine. Evidence showing or tending to show the commission of another crime entirely distinct and independent is generally not relevant. *State v. Tuell,* 112 Ariz. 340, 541 P.2d 1142 (1975). The danger is that guilt will be inferred from other misconduct which is immaterial to the question of guilt in the crime charged. Improper admission of such testimony is therefore prejudicial and mandates reversal. *State v. Wirtanen,* 117 Ariz. 129, 571 P.2d 275 (1977). The state argues that the testimony is admissible under *Tuell* to show intent because

it negates appellant's contention that he did not know of the sale until after its culmination in that his claim to a share of the heroin could only be based on his participation. We do not agree. No one suggested that appellant asked for a taste before the content of the packet was obvious to everyone present. One of the officers testified that the folded piece of foil "appeared to be heroin" and prior to appellant's request "we thanked them for the heroin" and discussed its quality. Appellant thus had an opportunity after the transfer to learn what the packet contained. The request for a taste, which was prejudicial in suggesting his unlawful use of heroin, was not probative of appellant's knowledge or intent to sell prior to the transfer and therefore has no relationship to the crime with which he was charged.

■ The evidence did not support any instruction or argument on the defense of duress. There is no defense of duress where the defendant has an opportunity to abandon the crime, surrender to the police, flee or refrain from acting. *See State v. Woods,* 48 Ohio St.2d 127, 357 N.E.2d 1059, 1966 (1976). Appellant and his friend made several stops in their search for the man with the heroin. Although he claims he was frightened by the intimidating manner of the agent and the gun he noticed in one agent's pocket, appellant had ample opportunity to escape.

■ In light of the context and scope of the entire set of instructions given, it was not error to refuse appellant's requested instructions on reasonable doubt and elements of the crime.

■ By motion in limine appellant sought to limit the state to using only one of his four prior convictions for impeachment. Whether or not to admit a prior felony conviction for impeachment purposes is within the sound discretion of the trial court and will not be disturbed absent an abuse of discretion. *State v. Domme,* 111 Ariz. 464, 532 P.2d 526 (1975). All four priors had been committed since 1973 and three of the four were committed at the same time in 1975. The state properly lim-

ited its inquiry to the number, the date and the nature of the convictions. *State v. Foggy,* 101 Ariz. 459, 420 P.2d 934 (1966). The trial court did not abuse its discretion in admitting evidence of all four. *See, e. g., State v. Holman,* 88 Ariz. 280, 356 P.2d 27 (1960).

■ The evidence was sufficient to support appellant's conviction and his motions for acquittal and for a new trial based on insufficient evidence were properly denied. Although appellant did not receive the money for the heroin and did not conduct the negotiations for the sale, he directed the agents to the source and made the actual transfer.

Because the judgment and sentence are vacated, we do not reach the issue of whether the sentence violated constitutional limitations.

Reversed and remanded.

HOWARD and HATHAWAY, JJ., concurring.