623 P.2d 1245

**The STATE of Arizona, Appellee,**

v.

**John ROBLES, Appellant.**

**No. 2 CA–CR 1998–2.**

Court of Appeals of Arizona,
Division 2.

Dec. 23, 1980.

Rehearing Denied Jan. 14, 1981.

Review Denied Feb. 3, 1981.

Robert K. Corbin, Atty. Gen. by William J. Schafer, III, and Georgia B. Ellexson, Asst. Attys. Gen., Phoenix, for appellee.

Severin J. Huselid, Globe, for appellant.

OPINION

HATHAWAY, Chief Judge.

Appellant was tried to a jury, convicted of two counts of aggravated assault and sentenced to 10 years imprisonment. He appeals from the judgment of conviction and the sentence imposed. We affirm.

Appellant contends that his convictions are not supported by sufficient evidence. He first argues that the evidence of voluntary intoxication demonstrates that he "was not able to form the specific intent to commit the aggravated assault." The state contends that specific intent is not an element of the crime and therefore appellant was not entitled to an instruction which was given on the effect of voluntary intoxication.

Under our former criminal code, specific intent was not an element of assault with a deadly weapon. *State v. Bustamonte*, 122 Ariz. 105, 593 P.2d 659 (1979); *State v. Manley*, 128 Ariz. 40, 623 P.2d 829 (1980). However, the provisions of our new criminal code apply to this case, and the labels "specific intent" and "general intent" are no longer applicable. To promote clarity and uniformity in giving jury instructions and in interpreting the meaning of individual sections, the four culpable mental states described in A.R.S. Sec. 13–105(5) are the only terms used and replace all the previous mental states scattered throughout the criminal laws. *See* Arizona Criminal Code Commission Commentary, Sec. 201; ALEOAC Arizona Criminal Code Training Manual Commentary, Sec. 13–105. `Appellant was charged with violating A.R.S. Sec. 13 ·1203 (A)(2), "*intentionally* placing another person in reasonable apprehension of imminent physical injury," (emphasis supplied) with a deadly weapon under A.R.S. Sec. 13 ··1204 (A)(2). Pursuant to A.R.S. Sec. 13–503, "Effect of intoxication; consideration by jury" a voluntary intoxication instruction is necessary so that the jury may take into consideration the fact that the accused was intoxicated in determining the culpable mental state (here, "intentionally") with which he committed the act. The Code Commission Commentary indicates that evidence of intoxication may be used only to show that the accused did not have the capacity to form the culpable mental states of "intentionally" and "knowingly." Commentary, *supra*, Sec. 502.

■ The jury was therefore properly instructed to consider the effect of voluntary intoxication upon appellant. The evidence was conflicting on this point. Appellant has presented the evidence for our consideration in the light most favorable to him. It is our duty, however, to review the evidence in a light most favorable to the state. *State v. French*, 104 Ariz. 359, 453 P.2d 505 (1969). The record contains substantial evidence in support of appellant's conviction and we defer to the jury's resolution of the factual issues against him.

■ Appellant argues, without citation of authority, that the trial court should not have been permitted to use the same elements which led to his convictions as aggravating circumstances increasing his imprisonment beyond the presumptive sentence. The two factors complained of that were used in aggravation were:

1. That there was a threatened infliction of serious injury.

2. That there was a dangerous instrument or deadly weapon involved.

This issue has been resolved against appellant in *State v. Bly*, 127 Ariz. 370, 621 P.2d 279 (1980).

Affirmed.

HOWARD and RICHMOND, JJ., concur.