708 P.2d 1335

**SALT RIVER PROJECT AGRICULTURAL IMPROVEMENT AND POWER DISTRICT, a political subdivision of the State of Arizona, Plaintiff-Appellee,**

v.

**CITY OF TEMPE, a municipal corporation of the State of Arizona, Defendant-Appellant.**

**No. 1 CA–CIV 7543.**

Court of Appeals of Arizona, Division 1, Department C.

Oct. 29, 1985.

David R. Merkel, Tempe City Atty. by Vincent A. Iannone, Dennis M. O'Neill, Asst. City Attys., Tempe, for defendant-appellant.

Jennings, Strouss & Salmon by Ann M. Dumenil, Phoenix, for plaintiff-appellee.

**OPINION**

FROEB, Judge.

In this appeal, the City of Tempe asks this court to hold that it may impose a use tax on the storage of property by the Salt River Project (SRP) in Tempe, although the property is ultimately used outside the city limits. We find the Tempe ordinance does not allow the imposition of the tax.

SRP owns and operates a storage facility in the City of Tempe. The facility is used for the temporary warehousing of various materials and equipment eventually used by SRP in the generation and distribution of electricity. Ultimately, the property is used throughout Maricopa County, including the City of Tempe.

Following an audit of the SRP warehouse, the City of Tempe determined that,

during the period covered by the audit, 70.5% of the property stored by SRP in its Tempe facility was ultimately used outside the city. The remaining 29.5% was used in Tempe. The audit indicated that, while SRP had paid use tax on property eventually used in Tempe, it had not paid tax on property which was eventually used outside the city. Consequently, Tempe assessed an additional tax against SRP, together with penalties and interest, in the amount of $129,972.22. SRP paid the tax under protest and filed an action in the Maricopa County Superior Court to recover the money, contending that Tempe had no authority to measure the tax by property which was not used in Tempe. The matter was presented to the court on cross-motions for summary judgment and judgment was entered in favor of SRP for the full amount of the levy.

Tempe City Code § 33–2, provides for a tax "on the storage, use or consumption in the City of tangible personal property...." Section 33–1(4) defines storage as:

keeping or retention of tangible personal property purchases ... *for any purpose other than ... subsequent use solely outside this city.* (emphasis added)

We turn first to the meaning of the language of the ordinance defining storage. Tempe argues that storage is excluded from tax only where *all* of the stored property is used solely outside of Tempe, and storage is taxable where, as here, *any* of the stored property is eventually used in the city. In support of its interpretation, Tempe equates the use tax with the transaction privilege tax and concludes that the focus of a use tax inquiry should be on the nature of the taxable *activity*, i.e., the use or storage itself, rather than upon discrete items used or stored. Thus, Tempe argues, the only exclusion intended by § 33–1(4) is where all of the stored property is to be used solely outside of Tempe, and since SRP is engaged in the mixed storage of property, there is no exclusion.

On the other hand, SRP argues that while the activity of storing property is the aim of the ordinance, "storage" is specifically defined as excluding property stored for subsequent use outside the city. It argues that the plain language of the ordinance is intended to exclude the activity of storing this defined class of property. It points out that this is not an "exemption" from tax, but is instead a category of activity not within the scope of the imposition of the tax.

We find the position of the city is untenable in light of the plain wording of the ordinance. The intent to impose a use tax in a manner similar to a transaction privilege tax must appear affirmatively in the taxing legislation being considered. *State Tax Commission v. Anderson Development Corp.*, 117 Ariz. 555, 574 P.2d 43 (App.1977) (determination of exemption under the transaction privilege tax as controlling determination of exemption under use tax rejected). We can find no such intent in the Tempe City Code either expressly or by implication and therefore reject it. The focus here is upon the language of the ordinance itself. A reviewing court must give effect to all of the provisions of the ordinance and avoid interpretations which render clauses meaningless or insignificant. *State v. Superior Court for Maricopa County*, 113 Ariz. 248, 550 P.2d 626 (1976).

We are guided in the construction of a revenue ordinance by *Arizona State Tax Commission v. Staggs Realty Corp.*, 85 Ariz. 294, 297, 337 P.2d 281, 283 (1959):

First, it is especially important in tax cases to begin with the words of the operative statute. We have repeatedly said that such words will be read to gain their fair meaning, but not to gather new objects of taxation by strained construction or implication (citations omitted). "Matters or persons upon whom [tax] burdens are placed should be pointed out with reasonable clarity and not left to the realm of speculation."

The language used in the Tempe ordinance is not unique. In fact, the same language appears in the State of Arizona use tax statutes. *See* A.R.S. § 42–1401(8). While there are no Arizona cases construing this language, there are decisions from other states which have construed the same or

nearly identical language in the context of sales taxes. In these cases, the court found that the portion of property temporarily stored within the taxing jurisdiction and subsequently used solely outside the taxing jurisdiction was not "in storage", as that term is defined, and therefore was not taxable. *Beecham Laboratories v. Woods*, 569 S.W.2d 456 (Tenn.1978); *Young Sales Corp. v. Benson*, 224 Tenn. 88, 450 S.W.2d 574 (1970); *Massachusetts Mutual Life Insurance Co. v. State Tax Commission*, 2 Mass.Tax Cases (CCH) § 200–432 (July 18, 1975). While these cases do not directly support the decision in this use tax case, they do discuss the tax reasoning which is common to both taxing situations.

We conclude, therefore, that the fair meaning of the words used in § 33–1(4) of the Tempe City Code excludes as a measure of tax the temporary storage of property if it is subsequently used outside the city. We reject the argument that *all* stored property must be used outside the city before the exclusion applies to any stored property.

The judgment is affirmed.

CORCORAN and EUBANK, JJ., concur.