81 F.3d 167
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Manuel F. CANDELARIA Petitioner-Appellant,
v.
Samuel LEWIS; Grant Woods, Attorney General Respondent-Appellees.
 No. 95-15708.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Feb. 14, 1996.
Decided March 29, 1996.
 
 Before: REINHARDT, THOMPSON, and O'SCANNLAIN, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Candelaria, who was convicted of selling cocaine and sentenced to fifteen-and-three-quarter years, appeals the district court's denial of habeas corpus relief. He contends both that he was denied effective assistance of counsel during the trial and that he was denied due process of law when the trial court failed to instruct on the lesser-included offense of facilitation. We affirm.
 
 I.
 
 3
 Candelaria raises two arguments in connection with his claim
 
 
 4
 of ineffective assistance of counsel. First, he contends
 
 
 5
 that trial counsel unreasonably failed to investigate the
 
 
 6
 defense of withdrawal. Second, he argues that trial counsel
 
 
 7
 was per se ineffective in putting him on the stand "to
 
 
 8
 confess to the crime." We reject both contentions.
 
 
 9
 In order to prevail on a claim of ineffective assistance of
 
 
 10
 counsel, a defendant must establish "that counsel's
 
 
 11
 performance fell below that of a reasonable attorney and
 
 
 12
 that there is a reasonable probability that, but for
 
 
 13
 counsel's errors, the result of the proceeding would have
 
 
 14
 been different." Wade v. Calderon, 29 F.3d 1312, 1323
 
 
 15
 (9th Cir.1994). Here, Candelaria can meet neither prong of
 
 
 16
 the test. Even if counsel ignored the possibility of
 
 
 17
 presenting a withdrawal defense, the defense not only may
 
 
 18
 have been unavailable in Arizona but, even if it were
 
 
 19
 available in that jurisdiction, it is most likely that under
 
 
 20
 the facts of this case it would not have been available to
 
 
 21
 Candelaria.[1] Accordingly, even if Candelaria
 
 
 22
 could establish that his counsel's performance was
 
 
 23
 unreasonably deficient, he cannot establish a reasonable
 
 
 24
 probability that the outcome would have been different. See Morris v. State of California, 966 F.2d 448, 454-55
 
 
 25
 (9th Cir.1991) (concluding that if counsel had done his
 
 
 26
 homework, he would have discovered that being under the
 
 
 27
 influence of methamphetamine was not illegal, and that
 
 
 28
 combined with the complete absence of any physical evidence
 
 
 29
 showing cocaine use, this could well have raised a
 
 
 30
 reasonable doubt in the jury's mind).
 
 
 31
 Candelaria has been unable to cite any authority establishing the existence of a withdrawal defense in Arizona. He cites State v. Price, 598 P.2d 1016, 1019 (Ariz.Ct.App.1979), which makes only a passing reference to abandonment in the context of duress, stating that "[t]here is no defense of duress where the defendant has an opportunity to abandon the crime, surrender to the police, flee or refrain from acting." He also cites State v. Tucker, 574 P.2d 1295, 1299 (Ariz.1978), which held that the failure to instruct the jury that "one who has aided and abetted in the commission of a crime may end his responsibility therefor by (1) notifying others of his intention to withdraw from participation in the criminal conduct and (2) by doing everything in his power to prevent the commission of the crime" was not reversible error because the evidence did not support either element.
 
 
 32
 Whether Tucker could establish the existence of a withdrawal defense in Arizona is questionable because it predates the enactment of Arizona's current criminal code in 1978. Although it has not been established whether the Arizona legislature abolished all common-law defenses when it enacted its current code, see State v. Cramer, 851 P.2d 147, 148-49 (Ariz.Ct.App.1987), the only code provision concerning withdrawal is limited to renunciation of attempt, solicitation, conspiracy or facilitation, A.R.S. § 13-1005.[2]
 
 
 33
 Even if Candelaria could establish that the defense of withdrawal to aiding and abetting is available in Arizona, he likely would not have been entitled to an instruction under either the current code provision or the test delineated in Tucker. Under the statutory test, Candelaria's testimony, even if credited, would not have established a complete renunciation of his criminal intent. Indeed, his placing the cocaine on the dresser, rather than leaving it in the bathroom, renders his renunciation somewhat equivocal. Moreover, he could clearly not establish timely warning to law enforcement, and he probably could not establish a reasonable attempt to prevent the crime, as he sought at most to end his participation, not to stop Plew from completing the transaction. Similarly, Candelaria fails to establish the availability of the withdrawal defense under the Tucker test. Although he may have notified Plew of his intention to withdraw from the crime, he did not do anything that reasonably suggests he attempted to prevent the commission of the crime itself.
 
 
 34
 Thus, even if Candelaria could establish that his counsel was deficient in failing to investigate a withdrawal defense, he cannot establish a reasonable probability that the result would have been different had counsel investigated it.
 
 
 35
 Candelaria also contends that the decision to put him on the stand, when his testimony would undermine his own defense of mere presence, was so egregiously prejudicial that ineffective assistance of counsel should be presumed. He argues that "[p]lacing a person on the stand to confess to a crime relinquishes defense counsel's role as an advocate and constitutes per se ineffective assistance." We disagree.
 
 
 36
 In order to be excused from meeting the prejudice requirement, Candelaria must show that "there has been an actual breakdown in the adversarial process at trial." United States v. Swanson, 943 F.2d 1070, 1072 (9th Cir.1991) (citation and internal quotation marks omitted). This court has found such a breakdown and presumed prejudice to result when defense counsel has conceded that there is no reasonable doubt concerning the only factual issues in dispute, id. at 1073, has slept through a portion of the trial, Javor v. United States, 724 F.2d 831, 834-35 (9th Cir.1984), has failed to advise his convicted client of his right to appeal, Lozada v. Deeds, 964 F.2d 956, 958 (9th Cir.1992), or has uttered racial epithets at his client and threatens to be very ineffective if he insists on going to trial, Frazer v. United States, 18 F.3d 778, 785 (9th Cir.1994).
 
 
 37
 However, where "an attorney's errors or omissions occurred during an inept attempt to present a defense," or "an attorney engaged in an unsuccessful tactical maneuver that was intended to assist the defendant in obtaining a favorable ruling," the Strickland test is applicable. Swanson, 943 F.2d at 1073. Accordingly, an attorney's advice to a client that he should insist on representing himself in order to plant reversible error, Harding v. Lewis, 834 F.2d 853, 859 (9th Cir.1987), failure to object to a jury instruction, Gardner v. Ponte, 817 F.2d 183, 187 (1st Cir.), cert. denied, 484 U.S. 863 (1987), or decision to conduct virtually no investigation, Woodard v. Collins, 898 F.2d 1027, 1029 (5th Cir.1990), are not presumed prejudicial. "Proof of prejudice has also been required where the fundamental fairness of the challenged proceeding has not been affected and the integrity of the legal process has not been jeopardized." Swanson, 943 F.2d at 1073.
 
 
 38
 Here, the decision to have Candelaria testify and to pursue a mere presence defense, even if unreasonable, did not constitute a breakdown in the adversarial process. Counsel did not abdicate his role as an advocate or cease to function as defense counsel. Swanson, 943 F.2d at 1075. Although Candelaria's testimony may have been inconsistent with a mere presence defense, Candelaria was not put on the stand to confess and did not admit the elements of the crime. He may have admitted his knowledge that an unlawful drug transaction was going on and he may have admitted his participation, but his testimony, if believed, would not have suggested his intent either to sell cocaine or aid Plew in the sale of cocaine.
 
 
 39
 Since the adversarial process did not break down, and since the fairness of the trial was not affected, we reject Candelaria's contention that counsel's tactical decision to have him testify should be presumed to have been prejudicial. Nor did that decision in any other way lead to error that warranted reversal.
 
 II.
 
 40
 Candelaria also contends that the trial court erred by failing to instruct the jury on facilitation. Relying on Beck v. Alabama, 447 U.S. 625 (1980), which found that the failure to instruct on a lesser-included offense in a capital case constitutes a violation of the Due Process Clause, he argues that due process requires a similar instruction in this case. He argues further that even if Arizona does not recognize facilitation as a lesser-included offense, its interpretation is untenable and is a subterfuge intended to avoid federal review. Taylor v. Kincheloe, 920 F.2d 599 (9th Cir.1990). We disagree. Even if we were to hold that Beck applies to noncapital cases and that Arizona's interpretation is untenable, the trial court's failure to instruct on facilitation did not violate due process because the jury was instructed on another lesser-included offense which had some support in the record, mere possession of a controlled substance. See Schad v. Arizona, 501 U.S. 624, 646-48 (1991) (concluding that central concern of Beck is not implicated where jury is instructed on lesser-included offense of second-degree murder and is therefore "not faced with an all-or-nothing choice between the offense of conviction (capital murder) and innocence").
 
 CONCLUSION
 
 41
 Because Candelaria was not afforded ineffective assistance of counsel and because the failure to instruct on facilitation did not violate due process, the denial of habeas corpus relief is
 
 
 42
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 Candelaria also contends that trial counsel erroneously failed to correct the trial court's misunderstanding regarding the mere presence defense. In rejecting the proffered instruction on mere presence, the trial court stated, "If [the jury] believe[s], if they take every word that [Candelaria] says from the stand as true, they couldn't find that he was merely present. Mere presence means that a person is present at the scene of the crime without any knowledge or participation in the offense. He has both knowledge and participation." Jury Trial, Day 2, Closing Arguments 7-21 to 8-2. Although the trial court erred in stating that knowledge would preclude a mere presence defense, trial counsel's failure to so advise the court appears harmless because the court clearly concluded that Candelaria's testimony established his participation in the crime. Since participation would preclude the defense, it is most probable that the trial court would have rejected the instruction even if trial counsel had corrected him. Indeed, Candelaria's argument on appeal is that his testimony completely undermined the defense of mere presence
 
 
 [2]
 Section 13-1005 requires that "the defendant, under circumstances manifesting a voluntary and complete renunciation of his criminal intent, g[i]ve timely warning to law enforcement authorities or otherwise ma[k]e a reasonable effort to prevent the conduct or result which is the object of the attempt, conspiracy or facilitation."