3 P.3d 1110

**STATE of Arizona, Appellee,**

v.

**Thomas Dale WOLTER, Appellant.**

No. 1 CA–CR 98–0971.

Court of Appeals of Arizona, Division 1, Department A.

Jan. 20, 2000.

Janet Napolitano, Attorney General by Paul J. McMurdie, Chief Counsel Criminal Appeals Section and Toni Marie Valadez, Assistant Attorney General, Phoenix, for Appellee.

Dean W. Trebesch, Maricopa County Public Defender by Garrett W. Simpson, Deputy Public Defender, Phoenix, for Appellant.

## OPINION

FIDEL, Presiding Judge.

¶1 One may commit the felony of theft not only by stealing property from its owner, but also by controlling property of another, knowing or having reason to know it has been stolen. *See* Ariz.Rev.Stat. Ann. ("A.R.S.") § 13–1802(A)(5) (1998). The level of felony is determined by the value of the property. *See* A.R.S. § 13–1802(D) (1998). But the value of property may decline, by virtue of rough handling or other factors, as time elapses between the original theft and the subsequent control by the defendant. Under such circumstances, when a defendant has been charged only with a later felonious control of the property and not with participation in the original taking, is the value of the stolen property determined as of the time of original taking or as of the time the defendant obtained control of the property? The answer to that question determines whether the defendant in this case was convicted of a class 4 or class 6 felony. We conclude that it was the latter.

### I.

¶2 On May 1, 1998, while riding a 1984 Honda motorcycle, defendant Thomas Dale Wolter was stopped by a Phoenix police officer for speeding. When a records check revealed that the motorcycle had been reported stolen in May 1997, the officer arrested defendant for theft. Defendant informed the officer that he had purchased the motorcycle for $500 three weeks earlier at a Phoenix swap meet. Although its ignition system had been bypassed so that it could be started without a key, and although the seller could not supply a title, defendant denied knowing that the motorcycle was stolen.

¶3 The State charged defendant with one count of controlling property of another, knowing or having reason to know that the property was stolen. *See* A.R.S. § 13–1802(A)(5). The State alleged that the crime occurred on May 1, 1998, which was the date of defendant's arrest. The State did not refute defendant's claim that he purchased the motorcycle at the swap meet; nor did it allege that he had participated in the original theft; it merely maintained that he knew or had reason to know the motorcycle was stolen when he bought it.

¶4 The State alleged that the stolen motorcycle had a value between $2000 and $3000. To support this allegation, the State presented testimony by the owner that he bought the motorcycle for $2200 in May 1997. Theft of property with a value of $2000 or more but less than $3000 is a class 4 felony. *See* A.R.S. § 13–1802(D). The State did not contest, however, defendant's testimony that he paid only $500 for the motorcycle when he bought it in damaged condition at the swap meet in April 1998. Nor did the State introduce evidence that the motorcycle had a fair market value of more than $500 when defendant bought it. Theft of property with a value of $250 or more but less than $1000 is a class 6 felony. *See id.*

¶5 Before instructing the jury, the trial court and counsel discussed the meaning of A.R.S. § 13–1801(A)(14) (1998), which provides, "'Value' means the fair market value of the property or services at the time of the theft." The court advised counsel that he read the statute "to mean that the value is to be determined at the time that the vehicle was reported stolen, which was back roughly a year before the defendant was arrested." The State concurred. Defense counsel objected that value must be determined as of the date of the theft that his client was charged to have committed-specifically, the swap meet purchase in April 1998. The trial court nonetheless instructed the jurors that, if they concluded defendant was guilty of the charge, they were to determine value as of the time of the theft, which the court identified as May 1997.

¶ 6 The jury found defendant guilty and, consistent with the court's instruction, found the value of the motorcycle to be $2000 or more but less than $3000, rendering defendant's conviction a class 4 felony. *See* A.R.S. § 13–1802(D). At sentencing, the trial court imposed a three-year term of probation and ordered defendant to pay $2954.96 in restitution. Defendant filed a timely appeal.

## II.

¶ 7 Defendant contends, and we agree, that the trial court erred in instructing the jurors to determine the value of the motorcycle as of May 1997. The court based its decision on A.R.S. § 13–1801(A)(14), which defines "value" to mean "the fair market value of the property or services at the time of the theft." We recognize that in a case such as this, when time has passed and value has changed between the original theft and the later theft of knowing purchase, the words "at the time of the theft" are susceptible to two constructions. For four reasons, however, we find defendant's construction and not the trial court's construction to be correct.

¶ 8 When a statute is susceptible to more than one construction, we attempt to relieve the ambiguity by examining the statute in the context of related statutes "as though they constituted one law," and we determine legislative intent "from the view of the whole system of related statutes." *See State ex rel. Larson v. Farley*, 106 Ariz. 119, 122, 471 P.2d 731, 734 (1970); *State v. Buhman*, 181 Ariz. 52, 55, 887 P.2d 582, 585 (App.1994). Sections 13–1801 and –1802 are related statutes that constitute one law. Section 13–1802 defines a variety of means of committing theft, any number of which might occur as property changes hands in the passage of time from original taking to retrieval. To read the statutes in harmony, in our view, one must interpret the reference to "time of the theft" in § 13–1801 as contextually grounded in § 13–1802 and to relate to the specific § 13–1802 theft that a defendant is charged to have committed.

¶ 9 This interpretation not only lends more specificity and clarity to § 13–1801, it is also fairer to defendants. The State has discretion, when prosecuting a theft, to allege the time and type of theft best suited to the evidence that it has gathered. The State may have evidence to support prosecuting a defendant for complicity in the original theft; the State may, as here, deem it more appropriate to the evidence to prosecute a defendant for a later knowing-purchase theft. When the State selects and notifies the defendant of a time frame for the criminal acts that it sets out to prove, the State commensurately selects and notifies the defendant of the time frame for determination of the value of the property for which it seeks to hold the defendant responsible.

¶ 10 A third basis for our interpretation is that it serves the objective set forth in A.R.S. § 13–101(3), which establishes as a general purpose of the criminal code, "To define the act or omission and the accompanying mental state which constitute each offense and limit the condemnation of conduct as criminal when it does not fall within the purposes set forth." Our interpretation limits the level of condemnation to the act and mental state that the State proved. In simpler terms, it makes the punishment fit the crime.

¶ 11 The fourth basis for our interpretation is the rule of lenity. If a criminal statute is "susceptible to more than one interpretation, the rule of lenity dictates that any doubt should be resolved in favor of the defendant." *State v. Tarango*, 185 Ariz. 208, 210, 914 P.2d 1300, 1302 (1996) (quoting *State v. Pena*, 140 Ariz. 545, 549–50, 683 P.2d 744, 748–49 (App. 1983)).

¶ 12 Because the value of the property stolen determines the felony classification assigned to a particular theft, *see* A.R.S. § 13–1802(D), the trier of fact in a theft case must assign a value to the property. *See State v. Brokaw*, 134 Ariz. 532, 535, 658 P.2d 185, 188 (App.1982). But because the trial court misinterpreted "time of the theft" in A.R.S. § 13–1801, it instructed the jury to establish a value for the stolen property as of May 1997, when it should instead have told the jury to establish property value as of April 1998. And on this record, the value of the property in April 1998 was not disputed; the only evidence of record concerning value at the time of purchase consists of defendant's

undisputed testimony that he bought the motorcycle for $500 and a notation in the police report, based on defendant's statements, that the motorcycle was worth $500. Because the evidence supports only a class 6 felony, we must at a minimum reduce defendant's conviction from class 4 to class 6.

¶ 13 Defendant argues, however, that he is entitled to a reversal of his conviction altogether on the ground that the trial court, by instructing the jury to value the property as of May 1997, made an impermissible comment on the evidence and unconstitutionally shifted the burden of proof to defendant to disprove an element of theft. We disagree.

 ¶ 14 A trial court "comments on the evidence" when it expresses its opinion to the jury as to what the evidence shows, or when it misinforms the jury that a fact has been proven when the fact remains a subject of dispute. See State v. Vann, 11 Ariz.App. 180, 183, 463 P.2d 75, 78 (1970). The Arizona Constitution forbids trial judges from making such comments to a jury. See Ariz. Const. art. 6, § 27. But this is not such a case. The parties did not dispute the date the motorcycle was originally stolen, nor did they dispute the approximate date of defendant's alleged theft. Neither party contended, and no evidence suggested, that defendant was involved in the initial theft of the motorcycle in May 1997; neither party disputed that, if defendant committed a theft, he did so at a time shortly before May 1, 1998. Accordingly, the trial court's instruction to the jury neither constituted a comment on the evidence nor shifted the burden of proof to defendant concerning a disputed issue of material fact; it constituted only a legal misinterpretation of the statute applicable to the facts.

¶ 15 In conclusion, the trial court's error did not affect the fairness of defendant's trial or the validity of his conviction for the offense of controlling property of another, knowing or having reason to know that it was stolen. The trial court's error did, however, result in a mistaken attribution of value by the jury that improperly elevated defendant's felony from class 6 to class 4. Because the evidence supports only conviction for theft as a class 6 felony, we affirm defendant's conviction as modified to a class 6 felony, and we remand for resentencing. See Ariz. R.Crim. P. 31.17(d); State v. Grannis, 183 Ariz. 52, 57 n. 1, 900 P.2d 1, 6 n. 1 (1995); State v. Rushing, 156 Ariz. 1, 4–5, 749 P.2d 910, 913–14 (1988). As modified, defendant's conviction is affirmed.

CONCURRING: THOMAS C. KLEINSCHMIDT, Judge, and E.G. NOYES, Jr., Judge.