IN THE COURT OF APPEALS
STATE OF ARIZONA
DIVISION TWO

| THE STATE OF ARIZONA, | ) | |
|---|---|---|
| | ) | |
| Appellee, | ) | 2 CA-CR 2001-0343 |
| | ) | DEPARTMENT B |
| v. | ) | |
| | ) | O P I N I O N |
| JEFFREY ALLEN BROWN, | ) | |
| | ) | |
| Appellant. | ) | |
| | ) | |

APPEAL FROM THE SUPERIOR COURT OF PIMA COUNTY

Cause No. CR20001355

Honorable Paul S. Banales, Judge Pro Tempore

AFFIRMED

Terry Goddard, Arizona Attorney General
  By Randall M. Howe and Katia Mehu                                    Phoenix
                                                          Attorneys for Appellee

R. Lamar Couser                                                        Tucson
                                                          Attorney for Appellant

D R U K E, Judge (Retired).

¶1 A jury found Jeffrey Allen Brown guilty of shoplifting, a class four felony. The trial court then conducted a bench trial on the state's allegation of prior conviction and found that Brown had been previously convicted of manslaughter, which enhanced the sentencing range for the shoplifting offense pursuant to A.R.S. § 13-604. As a result, the trial court sentenced him to an aggravated, six-year prison term. On appeal, Brown raises two issues: whether the time limits of Rule 8.2, Ariz. R. Crim. P., 16A A.R.S., apply to the trial of an allegation of prior conviction and whether the trial court erred in refusing to give a lesser-included offense jury instruction. Because these issues present questions of law, we review them de novo. *State v. Gross*, 201 Ariz. 41, 31 P.3d 815 (App. 2001); *State v. Carrasco*, 201 Ariz. 220, 33 P.3d 791 (App. 2001). Finding no reversible error, we affirm Brown's conviction and sentence.

### Rule 8.2

¶2 Brown first argues that the trial court erred in conducting the bench trial on the allegation of prior conviction beyond the time limits of Rule 8.2. At a pretrial conference on July 10, 2000, defense counsel told the court that those time limits would expire on August 16. Brown's jury trial took place on August 7 and 8, but the bench trial occurred on August 21, five days after the time limits had expired. Brown claims this delay violated the requirements of Rule 19.1(b)(2), Ariz. R. Crim. P., 17 A.R.S., and thus violated the Rule 8.2 time limits. We disagree.

¶3 The relevant part of Rule 19.1(b)(2) states that, if the jury returns a guilty verdict, "the issue of the prior conviction shall then be tried, unless the defendant has admitted the prior conviction." Brown contends the word "then" means that a prior conviction trial must occur "immediately after the verdict of guilty." We need not decide this issue, however, because the

2

record shows that Brown admitted the prior conviction while testifying at trial. When asked by his attorney whether he had "a prior felony conviction from Salt Lake County in Utah Cause No. 941901628 that [h]as a date of conviction of April 11, 1995," Brown answered, "That's correct." This admission satisfied the express exception in Rule 19.1(b)(2) and made the subsequent bench trial on the prior conviction unnecessary.

¶4 The trial court thought otherwise, however, stating that it needed to set a bench trial on the prior conviction allegation "because [the state] still need[ed] to prove some additional elements for use of the prior for enhancement purposes." But, in *State v. Seymour*, 101 Ariz. 498, 500, 421 P.2d 517, 519 (1966), our supreme court observed that a defendant's admission during trial "is surely the strongest evidence available to prove a prior conviction . . . [because] there is no danger that an accused will falsely testify that he has been previously convicted." The court commented that, under such circumstances, "the production of other evidence by the State to show the previous conviction would . . . [be] an idle formality." *Id.* Then, in *State v. McMurry*, 20 Ariz. App. 415, 513 P.2d 953 (1973), Division One of this court addressed whether a defendant's admission was sufficient to establish a prior felony conviction for enhancement purposes. Relying on *Seymour* and Rule 19.1(b)(2), Division One found that McMurry's admission during trial that he had a prior theft conviction was "sufficient to support the increased sentence imposed" by the trial court. *McMurry*, 20 Ariz. App. at 422, 513 P.2d at 960.

¶5 We likewise find that Brown's admission during trial of his prior felony conviction was sufficient for the trial court to impose an enhanced sentence pursuant to § 13-604. And, although Brown did not admit that the prior conviction was for manslaughter, he admitted

sufficient facts for the trial court to easily determine that the admitted prior felony conviction and the one set forth in the allegation of prior conviction were one and the same.

¶6 Moreover, even if we assume, as Brown claims, that the Rule 8.2 time limits apply to the trial of an allegation of prior conviction, the record shows he had advised the trial court that those limits would expire on August 16, yet failed to object to the court's scheduling the prior conviction trial five days beyond that date. Under such circumstances and, again, assuming Rule 8.2 applies, Brown thus waived any claim that the rule was violated. "[A] defendant may not complain of a Rule 8 violation for the first time after the verdict and on appeal." *State v. Swensrud*, 168 Ariz. 21, 22, 810 P.2d 1028, 1029 (1991).

**Lesser-Included Offense Instruction**

¶7 Brown next argues that the trial court erroneously refused his request to instruct the jury that "simple" shoplifting under A.R.S. § 13-1805(A) is a lesser-included offense of "aggravated" shoplifting under § 13-1805(I). We review a trial court's denial of a requested jury instruction for an abuse of discretion. *State v. Bolton*, 182 Ariz. 290, 896 P.2d 830 (1995). A trial court must give a lesser-included offense instruction if an offense is, in fact, a lesser-included offense of another, and the evidence supports giving the lesser-included instruction. Ariz. R. Crim. P. 23.3, 17 A.R.S.; *State v. Miranda*, 200 Ariz. 67, 22 P.3d 506 (2001).

¶8 The evidence here showed that Brown entered a Target store with a shopping bag, placed a videocassette recorder (VCR) in the bag, and left the store without paying for the VCR. Brown testified that, although he had entered the store intending "to take something and try to sell it" to buy insulin for the diabetic episode he was experiencing, he was homeless and had been

4

using the bag to "carry [his] clothing and [his] food," but not "to facilitate or to assist [him] in doing the shoplift."

¶9            The indictment charged Brown with class four shoplifting under § 13-1805(I). The relevant part of § 13-1805(A) defines shoplifting as follows:

>            A person commits shoplifting if, while in an establishment in which merchandise is displayed for sale, such person knowingly obtains such goods of another with the intent to deprive that person of such goods by:

>            1.   Removing any of the goods from the immediate display or from any other place within the establishment without paying the purchase price . . . .

¶10          Subsection G of the statute makes shoplifting a class one misdemeanor if the property has a value of $250 or less, a class six felony if the property is a firearm or has a value of more than $250 but not more than $2,000, and a class five felony if the property has a value of more than $2,000 or has been taken "during any continuing criminal episode regardless of the value."

¶11          Subsection I of the statute, the subsection at issue here, makes shoplifting a class four felony if the person "who commits shoplifting . . . has previously committed or been convicted within the past five years of two or more offenses involving burglary, shoplifting, robbery or theft or who in the course of shoplifting entered the mercantile establishment with an artifice, instrument, container, device or other article that was intended to facilitate shoplifting." At trial, the state claimed that Brown had violated the facilitation portion of subsection I rather than the prior conviction portion.

¶12 While settling jury instructions in the trial court, Brown argued that, by adding subsection I to § 13-1805,[1] the legislature created a new, substantive offense of "aggravated" shoplifting and requested that the court first instruct the jury on "aggravated shoplifting and then further instruct them on the necessarily included offense of shoplifting." The court refused the request, reasoning that the facilitation portion of subsection I was an "enhancement or classification" provision and did not create a new, substantive offense. The court thus instructed the jury on the applicable elements of shoplifting under § 13-1805(A) and included on the verdict form an interrogatory on whether the state had proven beyond a reasonable doubt that Brown had entered the store "with an artifice, instrument, container, device or article that was intended to facilitate the shoplifting." The court further instructed the jurors that, if they found Brown not guilty of shoplifting, they need "not go any further" but, if they found him guilty of the offense, they needed "to go one additional step" and consider the interrogatory. The jury found Brown guilty of shoplifting and answered the interrogatory in the affirmative.

¶13 Brown maintains that the facilitation portion of § 13-1805(I) creates the substantive offense of aggravated shoplifting, not merely a different classification of the offense. The state responds that § 13-1805 creates but a single crime with various provisions for classifying its seriousness and is thus analogous to our theft statute, A.R.S. § 13-1802. In support, the state cites several cases so interpreting § 13-1802. As the state points out, these cases generally hold that § 13-1802 creates "a single crime of 'theft,' combining or merging the common law crimes of larceny, fraud, embezzlement, obtaining money by false pretenses, and other similar offenses." *State v. Tramble*, 144 Ariz. 48, 52, 695 P.2d 737, 741 (1985); *see also State v. Wolter*, 197 Ariz.

---

[1] 1993 Ariz. Sess. Laws, ch. 255, § 32.

190, ¶8, 3 P.3d 1110, ¶8 (App. 2000) (A.R.S. §§ 13-1801 and 13-1802 "are related statutes that constitute one law"); *State v. Winter*, 146 Ariz. 461, 706 P.2d 1228 (App. 1985) (theft is single offense under § 13-1802); *State v. Brokaw*, 134 Ariz. 532, 658 P.2d 185 (App. 1982) (§ 13-1802 defines single crime of theft). In addition, our supreme court has similarly held that the kidnapping statute, A.R.S. § 13-1304, defines "a single crime known as kidnapping." *State v. Eagle*, 196 Ariz. 188, ¶10, 994 P.2d 395, ¶10 (2000).

¶14 As the state also points out, this court specifically stated in *Brokaw* that a lesser-included offense analysis cannot

> properly be applied to our current theft statute, A.R.S. § 13-1802. That statute does not create separate offenses having the value of the stolen property or services as the distinguishing element. Instead, it defines a single crime, theft, and provides that the classification of the offense for punishment purposes is to be determined by the value of the stolen property or services.

134 Ariz. at 535, 658 P.2d at 188. And, in *Eagle*, the supreme court stated that subsection B of the kidnapping statute, § 13-1304, "deals with factors that could change the classification [of the offense] and thus alter a defendant's [punishment] exposure, but the elements of the crime remain the same." 196 Ariz. 188, ¶10, 994 P.2d 395, ¶10.

¶15 From this body of case law, the state argues that § 13-1805 likewise "defines a single crime, shoplifting, and provides that the classification of the offense, for punishment purposes, is to be determined by value, prior convictions, and the methodology used to facilitate the offense."

¶16 When interpreting a statute, we seek "to determine and give effect to the legislature's intent." *State v. Affordable Bail Bonds*, 198 Ariz. 34, ¶13, 6 P.3d 339, ¶13 (App.

2000); *see also State v. Reynolds*, 170 Ariz. 233, 823 P.2d 681 (1992) (statutory interpretation requires court to discern legislative intent). The best source of that intent is the statutory language itself. *State Compensation Fund v. Mar Pac Helicopter Corp.*, 156 Ariz. 348, 752 P.2d 1 (App. 1987). Accordingly, we must give meaning to each word or phrase so that none "is rendered superfluous, void, contradictory or insignificant." *State v. Superior Court*, 113 Ariz. 248, 249, 550 P.2d 626, 627 (1976); *see also Fraternal Order of Eagles, Inc. v. City of Tucson*, 168 Ariz. 598, 816 P.2d 255 (App. 1991) (statutes construed to give effect to every word); *Weitekamp v. Fireman's Fund Ins. Co.*, 147 Ariz. 274, 709 P.2d 908 (App. 1985) (each word or phrase of statute given meaning).

¶17        Here, the facilitation portion of § 13-1805(I) expressly requires that, when the person entered the store to commit shoplifting, he or she "intended" to use "an artifice, instrument, container, device or other article" to facilitate the offense. The facilitation portion of the statute thus differs from the prior conviction portion of § 13-1805(I) as well as the classification provisions of § 13-1805(G) and the theft statute, § 13-1802(E), none of which includes the word "intended." Because we must give meaning to the word "intended" in the facilitation portion of § 13-1805(I), *Superior Court*, we conclude that, before a person may be convicted of the class four offense of "facilitated shoplifting," the state must not only prove the elements of shoplifting, as defined by § 13-1805(A), but the additional element that the person entered the store with something he or she intended to facilitate the shoplifting.

¶18        At one time, two forms of intent were recognized in Arizona, general intent and specific intent.

8

> In crimes of general intent, the party is presumed to have the requisite criminal intent from the commission of the crime itself. Specific intent, however, is an additional mental element to certain crimes, . . . [such as] assault with intent to commit murder which requires a specific intent . . . to commit a murder, in addition to a general intent to commit assault.

*State v. Jamison*, 110 Ariz. 245, 248, 517 P.2d 1241, 1244 (1974); *see also State v. Bell*, 113 Ariz. 279, 551 P.2d 548 (1976); *State v. Miller*, 123 Ariz. 491, 600 P.2d 1123 (App. 1979). Consequently, certain crimes required proof of and instruction on the specific intent necessary to commit the crime. *Miller* (attempt requires evidence of specific intent to commit substantive offense); *State v. Price*, 123 Ariz. 197, 598 P.2d 1016 (App.) (trial court must instruct that aiding and abetting requires proof defendant intended to help commit crime), *aff'd in part and rev'd in part*, 123 Ariz. 166, 598 P.2d 985 (1979); *State v. Foster,* 121 Ariz. 287, 589 P.2d 1319 (App. 1978) (state has burden of proving specific intent to defraud business establishment).

¶19        But, under our current criminal code, we no longer distinguish between general and specific intent crimes. *See State v. Bridgeforth*, 156 Ariz. 60, 62, 750 P.2d 3, 5 (1988) (1978 code abandoned use of terms "specific intent" and "general intent"); *State v. Robles*, 128 Ariz. 89, 623 P.2d 1245 (App. 1980) (specific and general intent labels no longer applicable). Instead, A.R.S. § 13-105(9) defines four culpable mental states: "intentionally, knowingly, recklessly or with criminal negligence." These mental states "replace all previous mental states used in our criminal laws." *Bridgeforth*, 156 Ariz. at 62, 750 P.2d at 5; *see also Robles* (same). The legislature, however, need not prescribe a culpable mental state in defining a crime. *See* A.R.S. § 13-202(B); *State v. Thompson*, 138 Ariz. 341, 674 P.2d 895 (App. 1983). But if the legislature does so, that mental state becomes an element of the offense to be proved by the state. *See*

9

*generally* § 13-202; *Bridgeforth* (charge of scheme or artifice to defraud requires state to prove defendant knowingly obtained benefit by false pretense and intended to defraud others); *State v. Routhier*, 137 Ariz. 90, 669 P.2d 68 (1983) (conviction for attempted murder requires evidence showing intent to commit crime).

¶20 For the crime of shoplifting, the legislature has prescribed two different mental states. Under § 13-1805(A), a person commits shoplifting if, while in a store displaying goods for sale, the person "knowingly obtains such goods of another with the intent to deprive that person of such goods" by one of the means listed in the statute. The legislature has thus prescribed the mental states of "knowingly" and "with the intent to" as elements of the crime, both of which the state must prove for a conviction. Similarly, because the legislature has prescribed the mental state of "intended" in the facilitation portion of § 13-1805(I), the state must prove that mental state to obtain a conviction for facilitated shoplifting.[2]

¶21 The question remains, however, whether shoplifting under § 13-1805(A) is a lesser-included offense of facilitated shoplifting under § 13-1805(I). "A lesser-included offense is one 'composed solely of some but not all of the elements of the greater crime so that it is impossible to have committed the crime charged without having committed the lesser one.'" *Miranda*, 200 Ariz. 67, ¶2, 22 P.3d 506, ¶2, *quoting State v. Celaya*, 135 Ariz. 248, 251, 660 P.2d 849, 852 (1983). The offense is also lesser included "when the charging document describes the lesser offense even though the lesser offense would not always form a constituent part of the greater

---

[2]Section 13-105(9)(a), A.R.S., provides that "'[i]ntentionally' or 'with the intent to' means, with respect to a result or to conduct described by a statute defining an offense, that a person's objective is to cause that result or to engage in that conduct." We believe this definition includes the word "intended."

offense." *State v. Hurley*, 197 Ariz. 400, ¶13, 4 P.3d 455,¶13 (App. 2000). Put another way, a court must ascertain "whether the greater offense, as described by a statute or as charged, can be committed without necessarily committing the lesser offense." *State v. Ennis*, 142 Ariz. 311, 314, 689 P.2d 570, 573 (App. 1984); *see also State v. Chabolla-Hinojosa*, 192 Ariz. 360, 965 P.2d 94 (App. 1998). And, conversely, it must also be shown "that the lesser cannot be committed without always satisfying the corresponding elements of the greater." *In re Victoria K.*, 198 Ariz. 527, ¶17, 11 P.3d 1066, ¶17 (App. 2000).

¶22        That is the case here. A person cannot commit the class four offense of facilitated shoplifting under § 13-1805(I) without necessarily committing the lesser offense of shoplifting under § 13-1805(A). The language of § 13-1805(I) itself makes this clear. As noted above, the statute states that a "person who commits shoplifting and . . . who in the course of shoplifting" enters the store with something he or she intends to facilitate the shoplifting is guilty of a class four felony. In other words, this language makes the commission of shoplifting a necessary element of facilitated shoplifting, and thus, a person cannot commit the greater offense of facilitated shoplifting without necessarily committing the lesser offense of shoplifting. On the other hand, the person cannot commit the lesser offense of shoplifting without satisfying all but one element of the greater offense of facilitated shoplifting, namely, that the person entered the store with something he or she intended to facilitate the shoplifting.

¶23        Accordingly, in this case, Brown was entitled to his requested lesser-included offense instruction because shoplifting "is in fact a lesser-included offense to [facilitated shoplifting] and . . . the evidence support[ed] the giving of the lesser-included instruction." *Miranda*, 200 Ariz. 67, ¶2, 22 P.3d 506, ¶2. Brown admitted he had intended to take the VCR

and sell it to buy insulin, but denied he had entered the store intending to use the bag in which he carried his food and clothing to facilitate his shoplifting. The trial court thus erred in refusing the requested instruction. That error, however, did not prejudice Brown and does not require reversal of his conviction. *State v. Rosas-Hernandez*, 202 Ariz. 212, 42 P.3d 1177 (App. 2002) (trial court's failure to give instruction not reversible error unless defendant prejudiced).

¶24 In *State v. LeBlanc*, 186 Ariz. 437, 440, 924 P.2d 441, 444 (1996), the supreme court directed trial courts to "give a 'reasonable efforts' instruction in every criminal case involving lesser-included offenses." That instruction permits jurors to consider a lesser offense "if, after full and careful consideration of the evidence, they are unable to reach agreement with respect to the [greater offense because they] . . . either (1) find[] the defendant not guilty on the greater charge, or (2) after reasonable efforts cannot agree whether to acquit or convict on that charge." *Id*. at 438, 924 P.2d at 442.

¶25 In this case, however, the trial court instructed the jurors to first consider the lesser offense of shoplifting and, only if they found Brown guilty of that offense, were they to then consider the interrogatory on the greater offense of facilitated shoplifting. Although this instruction reversed the procedural order of the instruction approved in *LeBlanc*, we find no substantive difference between the two. Both inform jurors that the greater offense includes a lesser offense and that they may find a defendant guilty of the lesser offense without also finding the defendant guilty of the greater offense. Both thus give the defendant an opportunity to argue, as Brown did here, that even though the state might have proven the lesser offense beyond a reasonable doubt, it had failed to so prove the greater offense. Accordingly, although we agree with Brown that the facilitation portion of § 13-1805(I) creates a greater offense to the lesser

12

offense of shoplifting under § 13-1805(A) and that he was entitled to the lesser-included offense instruction prescribed by *LeBlanc*, we conclude that the trial court's instruction and interrogatory neither prejudiced Brown nor resulted in reversible error.

¶26     We therefore affirm Brown's conviction and sentence.


_____
                                        WILLIAM E. DRUKE, Judge (Retired)

CONCURRING:


_____
JOHN PELANDER, Presiding Judge


H O W A R D, Judge, specially concurring.

¶27     Concerning the resolution of the issue involving Rule 8.2, Ariz. R. Crim. P., 16A A.R.S., because Brown did not raise the issue below, it is waived. *See State v. Swensrud*, 168 Ariz. 21, 22, 810 P.2d 1028, 1029 (1991). Accordingly, I would go no further in deciding that issue.

¶28     In determining whether facilitated shoplifting under A.R.S. § 13-1805(I) is a greater offense with additional elements than ordinary shoplifting, I believe the majority gives undue emphasis to the inclusion of the word "intended." The words "that was intended to facilitate shoplifting" are merely an adjective clause which modifies the list of articles rather than a definition of a particular mental state requirement for facilitated shoplifting. In fact, "intended

13

to" is not one of the phrases defined in A.R.S. § 13-015(9), the criminal code section defining various mental states. Had the legislature desired the facilitation portion of § 13-1805(I) to include a mens rea of intentionally, it most likely would have utilized precise language defined by statute. Accordingly, the result would be the same if the statute simply read, "in the course of shoplifting entered the mercantile establishment with an artifice, instrument, container, device or other article to be used to facilitate shoplifting."

¶29        I would hold that a person commits the additional element required for facilitated shoplifting by committing the described act: "in the course of shoplifting enter[ing] the mercantile establishment with an artifice, instrument, container, device or other article that was intended to facilitate shoplifting." I agree with the remaining analysis of the opinion.

_____

JOSEPH W. HOWARD, Judge