NOTICE: NOT FOR PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION DOES NOT CREATE
LEGAL PRECEDENT AND MAY NOT BE CITED EXCEPT AS AUTHORIZED.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

―――――――――――――

STATE OF ARIZONA, *Respondent*,

*v.*

ROBERT RICHARD SPURLING, III, *Petitioner*.

No. 1 CA-CR 12-0788 PRPC

FILED 4-7-2015

―――――――――――――

Petition for Review from the Superior Court in Coconino County
No. CR 2008-0672
The Honorable Joseph J. Lodge, Judge *Retired*

**REVIEW GRANTED; RELIEF DENIED**

―――――――――――――

COUNSEL

Coconino County Attorney's Office, Flagstaff
By Heather A. Mosher
*Counsel for Respondent*

White Law Offices, PLLC, Flagstaff
By Wendy F. White
*Counsel for Petitioner*

―――――――――――――

**MEMORANDUM DECISION**

Judge John C. Gemmill delivered the decision of the Court, in which
Presiding Judge Randall M. Howe and Judge Diane M. Johnsen joined.

―――――――――――――

**G E M M I L L**, Judge:

¶1         Robert Richard Spurling petitions this court for review of the dismissal of his petition for post-conviction relief. We have considered the petition for review, and we grant review but deny relief for the following reasons.

¶2         A jury convicted Spurling of five counts of child molestation, all dangerous crimes against children. The trial court sentenced him to an aggregate term of thirty-four years' imprisonment. This court vacated one conviction and affirmed the remaining convictions and sentences on direct appeal. *State v. Spurling*, 1 CA-CR 09-0939, 2011 WL 662629, at *1, ¶20 (Ariz. App. Feb. 24, 2011). Our decision did not affect Spurling's aggregate sentence, however. Spurling then petitioned for post-conviction relief. The trial court found colorable claims for relief and held an evidentiary hearing. The court denied relief after the evidentiary hearing and Spurling now seeks review. We have jurisdiction pursuant to Arizona Rule of Criminal Procedure 32.9(c).

¶3         In his petition for review, Spurling presents a number of claims of ineffective assistance of counsel, all of which allege Spurling's counsel was ineffective when he failed to make various objections over the course of the trial. We address only those issues for which Spurling sets forth specific claims supported by sufficient argument and citation to both legal authority and the record. The claims Spurling does not properly support are deemed abandoned and waived. *See* Ariz. R. Crim. P. 31.13(c)(1)(vi) ("[A]ppellant's brief shall include . . . [a]n argument which shall contain the contentions of the appellant with respect to the issues presented, and the reasons therefor, with citations to the authorities, statutes and parts of the record relied on."); *see also State v. Carver*, 160 Ariz. 167, 175, 771 P.2d 1382, 1390 (1989) ("failure to argue a claim usually constitutes abandonment and waiver of that claim") (citations omitted).

¶4         Whether to grant or deny post-conviction relief pursuant to Rule 32 is an issue addressed to the trial court's sound discretion. *State v. Schrock*, 149 Ariz. 433, 441, 719 P.2d 1049, 1057 (1986). To state a colorable claim of ineffective assistance of counsel, a defendant must show that counsel's performance fell below objectively reasonable standards and that the deficient performance prejudiced the defendant. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984). To show prejudice, a "defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. Strategic choices made after adequate investigation

of the law and facts "are virtually unchallengeable." *Id.* at 690-691. "Defense counsel's determinations of trial strategy, even if later proven unsuccessful, are not ineffective assistance of counsel." *State v. Valdez*, 160 Ariz. 9, 14, 770 P.2d 313, 318 (1989). There is a strong presumption that the actions of counsel were sound trial strategy under the circumstances present at that time. *State v. Stone*, 151 Ariz. 455, 461, 728 P.2d 674, 680 (App. 1986). "Nor is every failure to object to an improper question, exhibit, or argument worthy of being called ineffective assistance of counsel." *Valdez*, 160 Ariz. at 15, 770 P.2d at 319. "Even the best trial lawyer makes many mistakes in every trial. Defendants are not guaranteed perfect counsel, only competent counsel." *Id.*[1]

**¶5** Spurling first argues his counsel was ineffective when he failed to object to the admission of portions of recorded telephone conversations. The conversations were between Spurling and his girlfriend, T.G, and recorded while he was in jail. Spurling argues his girlfriend's "half" of the conversations was hearsay.[2] Counsel testified he did not object because in his analysis, there was no basis to object that would ultimately succeed and the trial court would eventually admit the girlfriend's portions of the conversations "one way or the other." The trial court, in the post-conviction proceeding, stated that counsel's performance was "almost perfect." From that finding—though we would have preferred more specific findings—we infer that the judge meant that counsel's

---

[1] Section 13-4238(D), A.R.S., and Arizona Rule of Criminal Procedure 32.8(d) provide that the court "shall make specific findings of fact, and state expressly its conclusions of law relating to each issue presented." At the close of the evidentiary hearing, the trial court stated that defense counsel "did nothing wrong" in his representation of Spurling and was "almost perfect" at trial. These "findings" and "conclusions" may not fully comply with § 13-4238(D) and Rule 32.8(d). On this record, however, we need not remand for more specific findings and conclusions because the record is sufficient to allow us to perform an appropriate appellate review. Additionally, counsel for Spurling has noted in the petition for review that remand would serve "no purpose" and that, in the interest of judicial economy, we should proceed with our review of the record. We agree and have done so.

[2] Spurling also argues the testimony was prejudicial, irrelevant, and improper opinion. We deem these arguments abandoned and waived. *See supra* ¶ 3.

performance did not fall below objectively reasonable standards, and we agree.

**¶6**　　　　Regarding the admission of the recordings themselves, we deny relief. Spurling's statements in the recorded conversations are party admissions, not hearsay. *See* Arizona Rule of Evidence 801(d)(2)(A); *State v. Garza*, 216 Ariz. 56, 66, ¶ 41, 163 P.3d 1006, 1016 (2007) (admitting defendant's recorded conversation with a friend as a "party admission under Arizona Rule of Evidence 801(d)(2)(A)"). The statements of Spurling's girlfriend on the recording are also not hearsay, because they were offered not for the truth of what she said but rather to give context and meaning to the recorded statements of Spurling. *See United States v. Walter*, 434 F.3d 30, 33–34 (1st Cir. 2006) (holding that recorded statements of a person talking with defendant "had a nonhearsay purpose—namely, they were offered not for the truth of the matters asserted, but to provide context for the admissions" of defendant); *United States v. Boykins*, 380 Fed.Appx. 930, 934 (11th Cir. 2010) (ruling that the confidential informant's recorded statements in conversation with defendant "are not hearsay because they were not offered for the truth of the matter asserted").

**¶7**　　　　Spurling additionally argues that T.G.'s testimony about the statements in the recordings was inadmissible hearsay. We conclude counsel's conduct did not fall below an objective standard of reasonably effective assistance when he chose not to object. The recorded statements at issue were previously admitted into evidence during testimony by the State's witness without objection and not in error. *See State v. Hernandez*, 167 Ariz. 236, 240, 805 P.2d 1057, 1061 (App. 1990) ("[i]n a criminal case, hearsay evidence admitted without objection is competent evidence admissible for all purposes unless its admission amounts to fundamental fairness"); *see also supra* ¶ 6.

**¶8**　　　　For these reasons, we agree with the court that counsel's failure to object to the recorded statements and T.G.'s testimony about those statements did not constitute ineffective assistance of counsel.

**¶9**　　　　Spurling next argues his counsel was ineffective when he failed to object to portions of the State's cross-examination of a witness. The witness interviewed one of the victims and testified regarding that victim's statements and body language during the interview. Spurling identifies only one allegedly objectionable question in his petition for review. Further, Spurling concedes his counsel objected to that question and that the court overruled his objection, holding that the question was appropriate as a matter of "wide-open cross-examination." Because counsel objected to

the sole question Spurling identifies as objectionable, we deny relief on this issue. Although Spurling complains his counsel made no further objections to alleged hearsay during the remainder of the cross-examination, he does not identify the objectionable testimony. He has therefore failed to provide sufficient argument to support these additional claims.

¶10         Spurling also asserts his counsel was ineffective when he failed to object to alleged prosecutorial misconduct. He contends his counsel should have objected when the prosecutor asked Spurling if it was correct that Spurling was testifying that everyone except Spurling was lying. We reject this argument because, even if we assume that this question is objectionable, it did not rise to the level of prosecutorial misconduct. *See State v. Aguilar*, 217 Ariz. 235, 238–39, ¶ 11, 172 P.3d 423, 426–27 (App. 2007) (prosecutorial misconduct "amounts to intentional conduct which the prosecutor knows to be improper and prejudicial, and which [the prosecutor] pursues for any improper purpose with indifference to a significant resulting danger of mistrial") (citation omitted). Second, although defense counsel did not object to this specific question, he did eventually object to the line of questioning in which the prosecutor asked Spurling if specific witnesses were lying. The court sustained that objection. Further, Spurling testified that several witnesses were lying and implied other witnesses were lying. Under these circumstances, we conclude that the trial court did not abuse its discretion when it denied relief on this issue.

¶11         Spurling next argues his counsel failed to object to prosecutorial misconduct that occurred when the prosecutor asked Spurling an allegedly compound and misleading question. That question was, "[w]hen you touched [the victim's] vagina with your hand, after you put the dog in her lap, you had a big smile on your face, didn't you?" We reject Spurling's argument because the question was neither compound nor misleading, and asking this question did not constitute prosecutorial misconduct. The question made a single inquiry — whether Spurling smiled at a specific point in time. Finally, Spurling's counsel testified he did not object because he found nothing objectionable about the question. The trial court did not abuse its discretion in denying relief on this issue.

¶12         Regarding alleged prosecutorial conduct, we also note that Spurling's counsel testified he believed the jury did not like the prosecutor because of his actions in the courtroom. Because of this, he refrained from making certain objections in an effort to take advantage of the jury's apparent dislike of the prosecutor. This was a matter of trial strategy.

**¶13** Spurling next argues his counsel was ineffective when he failed to object to the trial court's allegedly improper comment on the evidence. Comments on the evidence occur when a trial court "expresses its opinion to the jury as to what the evidence shows, or when it misinforms the jury that a fact has been proven when the fact remains a subject of dispute. The Arizona Constitution forbids trial judges from making such comments to a jury." *State v. Wolter*, 197 Ariz. 190, 193, ¶ 14, 3 P.3d 1110, 1113 (App. 2000) (internal citation omitted). During closing argument, Spurling's counsel argued the evidence showed one of the victims had been coached. The State objected, arguing those facts were not in evidence. The trial court responded:

> Well, Ladies and Gentlemen of the Jury, there's been an objection to that statement. I'm going to leave that up to you. Quite frankly, I don't remember that testimony, and so I can't really rule on that. You're going to have to rely on your individual memories in regards to what counsel just stated.

Spurling argues the court's statement communicated to the jury that the court "did not remember that being the evidence." We deny relief because the court's statement was not an objectionable comment on the evidence. The statement communicated that the jury would have to rely on its own memory because the court did not remember the testimony. It did not communicate that the court disagreed with defense counsel's interpretation of the testimony. The trial court did not make an improper comment on the evidence and abuse its discretion when it denied relief on this issue.

**¶14** Finally, although the petition for review presents additional issues, Spurling did not raise those issues in the petition for post-conviction relief he filed with the trial court. A petition for review may not present issues not first presented to the trial court. *State v. Ramirez,* 126 Ariz. 464, 468, 616 P.2d 924, 928 (App. 1980); Ariz. R. Crim. P. 32.9(c)(1)(ii).

**¶15** We grant review but deny relief.



Ruth A. Willingham · Clerk of the Court
F I L E D : ama