NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Appellee*,

*v.*

MAURICE L. JOHNSON, *Appellant*.

No. 1 CA-CR 15-0073
FILED 8-18-2015

Appeal from the Superior Court in Maricopa County
No. CR2011-148351-001
The Honorable Jerry Bernstein, Judge *Pro Tempore*

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joseph T. Maziarz
*Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Terry J. Adams
*Counsel for Appellant*

## MEMORANDUM DECISION

Judge Kenton D. Jones delivered the decision of the Court, in which Presiding Judge Margaret H. Downie and Judge Jon W. Thompson joined.

**J O N E S**, Judge:

**¶1**          Maurice L. Johnson appeals his convictions of one count of possession of a dangerous drug and one count of possession of drug paraphernalia.  After searching the entire record, Johnson's defense counsel has identified no arguable question of law that is not frivolous.  Therefore, in accordance with *Anders v. California*, 386 U.S. 738 (1967), and *State v. Leon*, 104 Ariz. 297 (1969), defense counsel asks this Court to search the record for fundamental error.  Johnson filed a supplemental brief *in propria persona*.  After reviewing the record, we find no error.  Accordingly, Johnson's convictions and sentences are affirmed.

### FACTS[1] AND PROCEDURAL HISTORY

**¶2**          On May 18, 2011, a Tempe police detective observed Johnson crossing the street without using a crosswalk near the intersection of McClintock Drive and Apache Boulevard.  The detective approached Johnson and asked for identification.  Johnson stated his identification was at his apartment but gave the name "Luis Jackson" and a date of birth and advised the detective he was from Florida.  The detective called a dispatcher by radio to check Florida and Arizona records using the information Johnson provided.  The query returned no record.

**¶3**          The detective asked Johnson again about his name and called for backup.  Soon thereafter, Johnson took off running.  After a short chase, the detective caught Johnson and placed him under arrest.

**¶4**          Upon arrival at the jail, Johnson was subject to a strip search whereby the detective discovered a clear plastic baggie protruding from Johnson's rectum.  Inside the baggie was a piece of black plastic wrapped

---

[1]          We view the facts in the light most favorable to sustaining the jury's verdict and resolve all reasonable inferences against the defendant. *State v. Harm*, 236 Ariz. 402, 404 n.2, ¶ 2 (App. 2015) (quoting *State v. Valencia*, 186 Ariz. 493, 495 (App. 1996).

around crystal shards of what the detective believed to be methamphetamine. The black plastic and the substance were impounded and later sent to the Arizona Department of Public Safety Crime Laboratory which confirmed by chemical testing that the substance was methamphetamine.

¶5 On November 7, 2011, an information was filed in the trial court charging Johnson with one count of possession or use of methamphetamine, a dangerous drug, and one count of possession of drug paraphernalia — a baggie — used to pack, repack, store, contain, or conceal methamphetamine. At a preliminary hearing, Johnson was ordered to undergo a competency evaluation pursuant to Arizona Rule of Criminal Procedure 11. On October 9, 2012, the Rule 11 court declared Johnson incompetent, but he received restoration treatment and was declared competent upon re-evaluation in May 2013. The court ordered another Rule 11 evaluation in October 2013, and Johnson was again declared competent in January 2014. A jury trial was scheduled for February 2014.

¶6 After Johnson failed to appear for the second day of trial, the trial court found his appearance was waived through his voluntary absence. A bench warrant issued, and trial proceeded in his absence. Johnson was ultimately found guilty of both counts. After a fourth Rule 11 evaluation found him competent, the trial court proceeded to sentencing where the State proved Johnson had three prior felony convictions. Johnson was sentenced to a slightly mitigated prison term of 3.5 years for possession of a dangerous drug, and a presumptive prison term of 1.75 years for possession of drug paraphernalia. Johnson timely appealed, and we have jurisdiction pursuant to Arizona Revised Statutes (A.R.S.) sections 12-120.21(A)(1),[2] 13-4031, and -4033(A)(1).

## DISCUSSION

¶7 Within his supplemental brief, Johnson argues errors in the State's presentation of the facts. On appeal, we do not retry conflicts in the evidence and affirm the jury's verdicts so long as they are supported by substantial evidence. *State v. Robles*, 128 Ariz. 89, 90 (App. 1980). First, Johnson contends he accepted an offer to plead guilty of false reporting to law enforcement, and this trial resulted in double jeopardy. Our search of

---

[2] Absent material revisions from the relevant date, we cite a statute's current version.

the record reveals no such plea bargain. No agreement was reached at the settlement conference, nor by the expiration of the State's plea offer.

¶8          Johnson also contends the record does not support a finding that he was arrested on May 18, 2011. Reasonable evidence was presented at trial to support a finding that Johnson was arrested on May 18, 2011, and we therefore find no merit in Defendant's contention. It also warrants noting that while Johnson does not assert a date upon which he believes the offense occurred, no benefit inures to the State by asserting May 18, 2011 as the date of arrest, and no benefit inures to Johnson by asserting it is not. Charges were brought against Johnson later that year, well within the seven-year statute of limitations. *See* A.R.S. § 13-107(B)(1).

¶9          Having reviewed the entire record for reversible error, we find none. *See Leon*, 104 Ariz. at 300 ("An exhaustive search of the record has failed to produce any prejudicial error."). Under Arizona law, "[a] person shall not knowingly . . . [p]ossess or use a dangerous drug." A.R.S. § 13-3407(A)(1). It is also "unlawful for any person to use, or to possess with intent to use, drug paraphernalia to . . . pack, repack, store, contain, conceal, inject, ingest, inhale or otherwise introduce into the human body a drug in violation of this chapter." A.R.S. § 13-3415(A). Reasonable evidence was presented to support the jury's verdicts that Johnson possessed methamphetamine and that he used a plastic baggie to store it, in violation of A.R.S. §§ 13-3407(A) and -3415.

¶10          All of the proceedings were conducted in compliance with the Arizona Rules of Criminal Procedure. The jury was properly comprised of eight jurors, and the record shows no evidence of jury misconduct. *See* A.R.S. § 21-102(B); Ariz. R. Crim. P. 18.1(a). The record demonstrates Johnson was represented by counsel at all stages of the proceedings, and Johnson was present for all critical stages, except the second day of trial. Not only was Johnson's release from jail conditioned upon his appearance at all proceedings, the trial court also gave him notice of the trial date and a warning that trial would proceed if the defendant failed to appear. These circumstances are sufficient to find a knowing waiver of a defendant's right to appear, and we find no error in the trial court's finding that Johnson voluntarily absented himself. *See State v. Superior Court (Ochoa)*, 183 Ariz. 139, 144-45 (App. 1995).

¶11          At sentencing, Johnson was given an opportunity to speak, and the trial court stated on the record the evidence, materials, and factors it considered in imposing sentence. Furthermore, the sentences imposed were within the statutory limits. *See* A.R.S. § 13-703(I).

**CONCLUSION**

**¶12**      Johnson's convictions and sentences are affirmed. After the filing of this decision, defense counsel's obligations pertaining to Johnson's representation in this appeal have ended. Defense counsel need only inform Johnson of the outcome of this appeal and his future options, unless, upon review, counsel finds an issue appropriate for review by our supreme court. *State v. Shattuck*, 140 Ariz. 582, 584-85 (1984).

**¶13**      Johnson has thirty days from the date of this decision to proceed, if he wishes, with an *in propria persona* petition for review by our supreme court. *See* Ariz. R. Crim. P. 31.19(a). Upon the Court's own motion, we grant Johnson thirty days from the date of this decision to file an *in propria persona* motion for reconsideration.



Ruth A. Willingham · Clerk of the Court
FILED: ama